UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GREGORY DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:05-CV-194 |
| ) | (VARLAN/GUYTON) |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a Report and Recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 14] and the defendant's motion for summary judgment. [Doc. 21]. Plaintiff Gregory Daugherty seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's cirrhosis, Hepatitis C, chronic fatigue, high blood pressure, asthma, breathing problems, history of alcohol abuse, depression are considered

"severe" based on the requirements in the Regulations 20 C.F.R. § 416.920(b).

3. When the claimant is abusing alcohol and drugs, he has marked limitation in the activities of daily living and moderate limitation in social functioning. He has marked limitation in concentration, persistence or pace and he experiences one or two episodes of decompensation.

4. When the claimant is abusing alcohol and drugs, the medically determinable impairments meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4 and the claimant is disabled.

5. When the claimant is not abusing alcohol and drugs, he has moderate limitation in his activities of daily living and moderate limitation in social functioning. He has moderate limitation in concentration, persistence or pace and he experiences no episodes of decompensation.

6. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

7. The claimant has the following residual functional capacity: to lift/carry 10 pounds on a frequent basis and 20 pounds on an occasional basis. He is able to walk, stand, and sit a total of 6 hours in an 8-hour day. Due to his breathing problems, he is precluded from working around temperature extremes, dust, fumes and gases. He is able to understand, remember and carry out simple and low level detailed instructions. He can sustain attention and concentration,

keep to a schedule, maintain attendance and complete a workweek with no more than moderate limitations from emotional difficulty. He can work with and around others to include the general public, but would do better dealing with things rather than people. He can accept criticism from supervisors with only occasional difficulty. He has no adaptation limitations.[1]

8. The claimant has no past relevant work (20 C.F.R. § 416.965).

9. The claimant is a "younger individual" (20 C.F.R. § 416.963).

10. The claimant has "a limited education" (20 C.F.R. § 416.964).

11. The claimant had the residual functional capacity to perform a significant range of light work (20 C.F.R. § 416.967).

12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.17 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as an assembler: there are 1,700 in the Tennessee region and 680,000 in the national economy; as a hand packer:there are 450 such jobs in the Tennessee region and 200,000 in the national economy; material handler: there are 450 such jobs in the Tennessee region and 230,000 in the national economy.

---

[1]The findings are misnumbered in the ALJ's decision, but have been corrected herein. (Tr. 29).

> 13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 416.920(f)).

(Tr. 29-30).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

First, plaintiff contends that the ALJ erred in finding alcohol abuse prevented a finding of disability, arguing that it was error to find that there would "most likely" be significant improvement if he stopped drinking. He maintains that Dr. Kozawa, who treated his hepatitis C and cirrhosis, did not attribute the treatment of these conditions to the use of alcohol or marijuana and that "[n]o treating physician has written that Mr. Daugherty's pain and/or hepatitis or cirrhosis would cease with a decrease in drinking." Plaintiff also notes that extreme fatigue is a side effect of the medication he has been taking.

Next, plaintiff asserts that the ALJ erred in relying almost exclusively on the September 2001 examinations and opinions of Dr. Summers and Ms. Garland, which were provided

4

within a month of the time his treatment began for hepatitis C and which did not include two years of medical records, including those from Ridgeview Psychiatric Hospital documenting depression, panic attacks, and hallucinations. Further, he argues that consultative psychological examiner Ms. Garland, who has only a master's degree, "did not opine that Mr. Daugherty would be well if he just stopped drinking although she was firm in her belief that alcohol was an important factor." Similarly, because Dr. Summers' report was prepared two years before the hearing, he did not know that plaintiff had profound fatigue, ankle and back pain, or severe side effects from the hepatitis medication. Thus, plaintiff argues that Dr. Summers' and Ms. Garland's opinions cannot constitute substantial evidence because they were not based on the record as a whole.

Next, plaintiff maintains that the ALJ erred in his credibility determination, arguing that his testimony was consistent with the opinions of his treating physicians and the side effects of his medication, which included fatigue and depression. (Tr. 353). Moreover, plaintiff maintains that there was no statement that his mental problems would be eliminated if he stopped drinking. He maintains that he submitted to the Appeals Council a medical record, which was not available at the time of the hearing, from the treating physician that showed the problems with hepatitis C continued and that this physician found his complaints of pain credible. Although plaintiff acknowledges that he "may not completely meet the specific requirements of the regulations" for a sentence six remand, he believes that this additional evidence should be considered, in light of the ALJ's credibility determination.

Lastly, plaintiff argues that because the hypothetical posed to the vocational expert ("VE") was not complete, her testimony could not constitute substantial evidence. He asserts that

5

the hypothetical did not include his fatigue, pain, myalgia, vomiting, panic attacks, or limitations in bending and stooping.

The Commissioner maintains that substantial evidence supports the ALJ's decision. She insists that disability benefits are not payable if drug addiction or alcoholism would be "a contributing factor material to the Commissioner's determination that the individual is disabled." She explains that if plaintiff is found to be disabled, but evidence of drug addiction or alcoholism exists, the ALJ is required to evaluate whether the drug addiction or alcoholism is a contributing factor material to the determination of disability. The Commissioner further notes that only state agency, reviewing physician Dr. Welch indicated that plaintiff met a listing, but even he indicated that plaintiff would not have met the listing but for his substance abuse, stating that if plaintiff were compliant with his mental health treatment and "abstained from alcohol and illicit substances, his overall psychiatric condition would likely significantly improve." (Tr. 443-55). Moreover, the Commissioner points out that no other psychologist or psychiatrist indicated plaintiff met or medically equaled a listing at all, including state agency psychologists Dr. Kupstas and Dr. Edwards, who found plaintiff had mild to moderate mental limitations. (Tr. 244-61, 417-33). In sum, the Commissioner maintains that Dr. Edwards' and Dr. Welch's opinions are substantial evidence supporting the ALJ's decision that plaintiff would not meet a listing or be disabled if not for his substance abuse and so the ALJ's decision should be affirmed. Moreover, the Commissioner insists that the ALJ never indicated that plaintiff's physical impairments would improve if he ceased his substance abuse, but rather, stated that his residual functional capacity ("RFC") finding was based on the assumption that plaintiff did not abuse drugs or alcohol. (Tr. 27).

Next, the Commissioner maintains that absent substance abuse, plaintiff could perform a range of light work, as no medical source indicated he could not work or suggested more restrictive physical limitations than the ALJ found. Further, she argues that the ALJ's RFC finding was consistent with and in some instances more restrictive than the opinions of Ms. Garland and Dr. Seidner, Dr. Summers, and the examining consultants (Tr. 29, 237-40, 260, 433, 435-38, 458), and although plaintiff suggests that a licensed psychologist with a master's degree is not qualified, the Commissioner maintains that Ms. Garland was supervised by Dr. Seidner. (Tr. 229). The Commissioner insists that the ALJ reasonably relied on the medical opinions and the lack of objective medical evidence, especially in light of the fact that plaintiff did not identify any significant medical findings not reviewed by the ALJ or the state agency physicians.

Next, the Commissioner argues that the ALJ properly asked the VE whether someone with plaintiff's vocational background and pain, as well as an RFC for a range of light[2] work, could perform a significant number of jobs. (Tr. 28, 501-02). Because the VE testified in response that there were a significant number of jobs plaintiff could perform, her testimony constitutes substantial evidence in support of the ALJ's decision. (Tr. 502-03).

Lastly, the Commissioner insists that the evidence submitted to the Appeals Council may not be used for substantial evidence review or as a basis for remand. She explains that evidence submitted after the ALJ's decision may not be considered for substantial evidence review, so plaintiff may not use this additional evidence to argue that the ALJ erred in his credibility

---

[2]Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. § 416.967(b).

determination. With regard to a sentence six remand, the Commissioner contends that the additional evidence was not material because it was not shown to be related to the relevant time period and it did not establish any new limitations.

Upon review, I find that substantial evidence supports the ALJ's decision. Pursuant to 20 C.F.R. § 416.935(b), the determining factor in whether alcoholism is a contributing factor material to a determination of disability is whether the plaintiff would still be found disabled if he stopped drinking, which the ALJ determines by evaluating which of plaintiff's current limitations would still exist if he stopped drinking and whether those limitations would be disabling.

The plaintiff has the burden of proving his entitlement to benefits, Boyes v. Secretary of Health and Human Services, 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)). At Step 3, the burden rests on plaintiff to show that he meets or equals an impairment listed in Appendix 1 to the Regulations. Buress v. Secretary of Health and Human Services, 835 F.2d 139, 140 (6th Cir. 1987); Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). To meet the requirements of a listed impairment, plaintiff must meet all of the elements of the listed impairment. Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1083 (6th Cir. 1987).

In this case, the ALJ properly set out the law under 20 C.F.R. § 416.935(b) and explained that "[w]hen the claimant is abusing alcohol and drugs, his impairment is of a severity to meet section 12.09," but "[w]hen not abusing alcohol and drugs, the claimant's impairments do not meet the requirements of any listing." (Tr. 23). Although Dr. Welch did indicate that plaintiff would meet or medically equal Listing 12.09, he also noted that "[s]ubstance abuse is the major

8

contributing factor affecting functioning, and another condition is not present which would impose restrictions resulting in disability." (Tr. 455). Moreover, he stated that if plaintiff were compliant with his mental health treatment and "abstained from alcohol and illicit substances, his overall psychiatric condition would likely significantly improve." Id.

The record as a whole demonstrates that plaintiff's impairments were properly considered by the ALJ. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990) (substantiality of evidence must be based on the record as a whole); Walker v. Secretary of Health and Human Services, 884 F.2d 241, 245 (6th Cir. 1989). Plaintiff argues that the ALJ erred by relying almost exclusively on the opinions of Dr. Summers and Ms. Garland, which were conducted two years before the hearing. However, I note that the ALJ did not rely solely on these opinions, but rather, considered treatment notes from Ridgeview, which is replete with references to plaintiff's alcohol and drug abuse; Dr. Kozawa, who treated plaintiff for cirrhosis; and the state agency reviewers, including Dr. Edwards and Dr. Welch, among others. (Tr. 23-25) Id. Further, as for plaintiff's concern about Ms. Garland's qualifications, I note that she is a licensed psychological examiner and that the evaluation of plaintiff was signed not only by her, but also Dr. Seidner, a licensed clinical psychologist, thereby indicating his concurrence in the evaluation's findings. (Tr. 226-29).

Although plaintiff complains that the ALJ did not include his alleged impairments of fatigue, pain, myalgia, vomiting, panic attacks, and bending and stooping, the ALJ clearly did not include these, with the exception of pain, in his hypothetical because he did not find them to be credible limitations. Cline v. Commissioner of Social Security, 96 F.3d 146, 150(6th Cir. 1996)

9

(ALJ included all of plaintiff's credible limitations in the hypothetical question and thus, could rely on VE's testimony). In questioning the VE, the ALJ did, however, ask about plaintiff's alleged limitations of fatigue and vomiting, but clearly did not find them to be credible limitations. (Tr. 502-03). Id.

With respect to a sentence six remand, plaintiff acknowledges that the medical evidence from Dr. Wallace was not before the ALJ, and thus, may not be considered for substantial evidence review. (Tr. 473) Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993) (evidence not part of record may not be considered upon substantial evidence review). For evidence to be considered for a remand under sentence six, the plaintiff must demonstrate that this additional evidence is new and material and that there is good cause for failing to submit it to the agency before the ALJ issued his decision. See 42 U.S.C. 405(g) ("Finally, where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material and that there was good cause for not presenting the evidence in a prior proceeding."). Although plaintiff asserts that the one-page report from Dr. Wallace "was not available at the time of the hearing," he argues that it "has the value of showing that the problems with Hepatitis C continued and that the physician believed his complaints of pain. . . [which] was the first direct statement specifically supporting credibility." Plaintiff acknowledges that this evidence may not meet the specific requirements of a sentence six remand, but contends that "in light of the doubting of his credibility . . . it should be considered." However, plaintiff's statement that this additional evidence "was not available at the time of the hearing,"

10

clearly fails to satisfy the "good cause" requirement for a sentence six remand. <u>Oliver v. Secretary of Health and Human Services</u>, 804 F.2d 964, 966 (6th Cir. 1986) ("While the dates of the reports alone seemingly satisfied the good test . . . this circuit has taken a harder line . . . the complainant must give a valid reason for his failure to obtain evidence prior to the hearing."). Having found that the plaintiff fails to satisfy the good cause requirement for remand, I need not address the remaining two requirements of whether the evidence is new and material. <u>Id.</u>

Based upon the foregoing, it is hereby **RECOMMENDED** [3] that the plaintiff's motion for summary judgment [Doc. 14] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 21] be **GRANTED**.

                                        Respectfully submitted,

                                            s/H. Bruce Guyton
                                        United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide <u>de novo</u> review where objections to this report and recommendation are frivolous, conclusive or general. <u>Mira v. Marshall</u>, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. <u>Smith v. Detroit Federation of Teachers</u>, 829 F.2d 1370 (6th Cir. 1987).

11